NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3202-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BRYON O. WRIGHT, a/k/a OMAR
WRIGHT, ROGER WRIGHT,

 Defendant-Appellant.
___________________________________

 Submitted September 11, 2017 – Decided November 2, 2017

 Before Judges Messano and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 11-01-0022.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Lee March Grayson, Designated
 Counsel, on the brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Tiffany
 M. Russo, Special Deputy Attorney General/
 Acting Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Following a jury trial, defendant Bryon O. Wright was

convicted of various drug offenses, eluding, and resisting arrest.

The judge sentenced him to an aggregate sixteen-year term of

imprisonment. We affirmed defendant's conviction and sentence on

direct appeal, preserving for post-conviction relief (PCR) his

claim that trial counsel provided ineffective assistance (IAC).

State v. Wright, No. A-6036-11 (App. Div. Jan. 16, 2014) (slip op.

at 31). The Supreme Court denied defendant's petition for

certification. 218 N.J. 531 (2014).

 In a timely-filed PCR petition, defendant alleged, among

other things, counsel failed to call certain witnesses at trial

despite indicating she would. After the court appointed PCR

counsel, defendant filed an amended petition in which he alleged

neither trial counsel nor appellate counsel discussed severing

certain counts in the indictment, charging conduct alleged to have

occurred in December 2009, from other counts that alleged conduct

occurring in February 2010. Defendant also stated counsel provided

ineffective assistance regarding the denial of defendant's pre-

trial motion to suppress evidence.

 The PCR judge, who was also the trial judge but not the motion

judge, considered oral argument. In a comprehensive written

decision, the judge addressed these and defendant's other claims.

He entered an order denying PCR relief and this appeal followed.

 2 A-3202-15T3
 Before us, defendant limits his claims of error to the

following:

 POINT I

 TRIAL COUNSEL WAS INEFFECTIVE BY NOT MOVING
 TO SEVER THE DECEMBER 16, 2009 OFFENSES FROM
 THE FEBRUARY 8, 2010 OFFENSES FOR SEPARATE
 TRIALS.

 POINT II

 BECAUSE THE LAWFULNESS OF THE MOTOR VEHICLE
 STOP WAS NOT ADJUDICATED BY EITHER THE TRIAL
 COURT OR THE APPELLATE DIVISION IN THE DIRECT
 APPEAL, THE PCR COURT ERRED BY FINDING
 DEFENDANT'S CLAIM THAT THE KNIFE SEIZED AFTER
 HIS CAR WAS STOPPED ON FEBRUARY 8, 2010 SHOULD
 HAVE BEEN SUPPRESSED WAS PROCEDURALLY BARRED.

 POINT III

 TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO
 PURSUE THE SUPPRESSION MOTION AS IT PERTAINED
 TO THE ISSUE THAT THE MOTOR VEHICLE STOP ON
 FEBRUARY 8, 2010 WAS A PRE-TEXT TO SEARCH THE
 DEFENDANT'S CAR AND TO ARREST HIM FOR THE
 ALLEGED EVENTS ON DECEMBER 16, 2009.

 POINT IV

 THIS CASE SHOULD BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE APPELLATE COUNSEL
 WAS INEFFECTIVE BY NOT RAISING THE SEVERANCE
 ISSUE AND SUPPRESSION ISSUE, AS IT PERTAINED
 TO THE PRE-TEXTUAL STOP OF THE CAR, IN THE
 DIRECT APPEAL.

 POINT V

 BECAUSE TRIAL COUNSEL FAILED TO CALL KEY
 DEFENSE WITNESSES TO TESTIFY DURING THE TRIAL,
 THE DEFENDANT'S CASE SHOULD BE REMANDED TO THE
 PCR COURT FOR AN EVIDENTIARY HEARING.

 3 A-3202-15T3
 POINT VI

 THE PCR COURT ERRED BY NOT GRANTING AN
 EVIDENTIARY HEARING.

We have considered these arguments in light of the record and

applicable legal standards. We affirm.

 To establish an IAC claim, a defendant must satisfy the two-

prong test formulated in Strickland v. Washington, 466 U.S. 668,

687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and

adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58

(1987). First, he must show "that counsel made errors so serious

that counsel was not functioning as the 'counsel' guaranteed . . .

by the Sixth Amendment." Id. at 52 (quoting Strickland, supra,

466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693). "To

satisfy prong one, [a defendant] ha[s] to overcome a strong

presumption that counsel exercised reasonable professional

judgment and sound trial strategy in fulfilling his

responsibilities." State v. Nash, 212 N.J. 518, 542 (2013)

(citations omitted).

 Second, a defendant must prove that he suffered prejudice due

to counsel's deficient performance. Strickland, supra, 466 U.S.

at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693. A defendant must

show by a "reasonable probability" that the deficient performance

affected the outcome. Fritz, supra, 105 N.J. at 58. "A reasonable

 4 A-3202-15T3
probability is a probability sufficient to undermine confidence

in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015)

(quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068,

80 L. Ed. 2d at 698; Fritz, supra, 105 N.J. at 52). "If [a]

defendant establishes one prong of the Strickland-Fritz standard,

but not the other, his claim will be unsuccessful." State v.

Parker, 212 N.J. 269, 280 (2012). We apply the same standard to

defendant's claims of ineffective assistance by appellate counsel.

State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007) certif.

denied, 194 N.J. 444 (2008) (citing State v. Morrison, 215 N.J.

Super. 540, 546 (App. Div.), certif. denied, 107 N.J. 642 (1987)).

 Before an evidentiary hearing is required, a defendant must

establish a "prima facie case," that is, "a reasonable likelihood

that his or her claim, viewing the facts alleged in the light most

favorable to the defendant, will ultimately succeed on the merits."

R. 3:22-10(b). "[W]e review under the abuse of discretion standard

the PCR court's determination to proceed without an evidentiary

hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div.

2013) (citing State v. Marshall, 148 N.J. 89, 157-58, cert. denied,

522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997)).

 We refer to our prior opinion to properly consider the

arguments made in Points I through IV. In December 2009, police

observed defendant exit his car carrying a cigarette box as he

 5 A-3202-15T3
entered and shortly exited a vehicle owned by Joseph Plum that was

parked outside a tavern. Wright, supra, slip op. at 3. Plum had

arranged for the purchase of cocaine by calling a man he only knew

as "Scoop." Id. at 3-4. After Plum exited the tavern, he went

to his car and retrieved a cigarette box; police detained him and

found cocaine in the cigarette box. Id. at 4. Plum was arrested

and gave police a complete statement.1 Ibid. Further

investigation led to defendant's identification as Scoop; phone

records verified text messages exchanged between Plum and

defendant. Id. at 4 n.1, 6-7.

 In February 2010, the same police detective, Michael Watts,

observed defendant driving the same car he used during the December

transaction. Id. at 4-5. Police attempted to conduct a motor

vehicle stop, but defendant fled before stopping the car in the

parking lot of a diner. Id. at 5. Police surrounded the vehicle,

but defendant refused their commands to exit. Id. at 6. Watts

saw a knife on the floor of the car and, given defendant's

continued refusal, broke the car window and, with the aid of the

other officers, forcibly pulled defendant from the vehicle. Ibid.

After obtaining a search warrant, police found forty bags of

cocaine in the false bottom of a can in the car. Ibid.

1
 Plum testified for the State at trial.

 6 A-3202-15T3
 Ultimately, the jury found defendant guilty of drug offenses

related to the December 2009 events, and eluding and resisting

arrest for the February 2010 events, but it acquitted him of the

drug and weapon charges stemming from the knife and cocaine seized

at that time.

 In addressing the argument raised in Point I, the PCR judge

correctly observed that the December 2009 events were the basis

for defendant's February 2010 arrest. In other words, evidence

of the December 2009 events would have likely been admitted at a

separate trial regarding the February 2010 offenses, and therefore

any motion to sever, if made, would have been denied. See State

v. Chenique-Puey, 145 N.J. 334, 341 (1996) (holding that

consolidation is appropriate if evidence of the offenses sought

to be severed would have been admissible at trial on the remaining

charges).

 We agree. Because "[t]he failure to raise unsuccessful legal

arguments does not constitute ineffective assistance of counsel,"

State v. Worlock, 117 N.J. 596, 625 (1990), the judge correctly

denied PCR relief on this claim.

 The motion judge conducted a pre-trial evidentiary hearing

on defendant's motion to suppress the knife and drugs found in his

car in February 2010. We affirmed the judge's denial of that

motion on direct appeal, concluding "Watts had a legitimate reason

 7 A-3202-15T3
for approaching defendant's car after [defendant] eluded the

police," and his seizure of the knife was lawful under the plain

view exception to the warrant requirement. Wright, supra, slip

op. at 16-17.

 Before the PCR judge, defendant argued neither the motion

judge nor our colleagues ever decided whether Watts had a

legitimate basis to initiate the stop in the first place.

Defendant alleged, without any proof, that Watt's decision to stop

the car was pretextual, and trial counsel provided ineffective

assistance by not presenting a challenge to the search on that

basis.

 The PCR judge determined the claim was barred by Rule 3:22-5

because it had been expressly adjudicated on direct appeal.

Moreover, he noted defendant suffered no prejudice because the

jury acquitted him of the knife and drug charges from the February

2010 seizure.

 In Points II, III and IV, defendant argues his IAC claim in

this regard was not procedurally barred because whether the stop

was initiated without a reasonable suspicion or probable cause was

never presented and adjudicated, trial counsel failed to pursue

that issue at the hearing, and appellate counsel was ineffective

for not raising the issue on direct appeal. These claims warrant

little discussion. R. 2:11-3(e)(2).

 8 A-3202-15T3
 Our colleagues specifically addressed the issue by assuming

arguendo some basis for defendant's claim that Watts lacked any

probable cause to stop defendant's car in the first instance. They

said:

 Thus, even if his original reason for stopping
 defendant did not amount to probable cause,
 Watts had the right to make an arrest for the
 crime of eluding. State v. Seymour, 289 N.J.
 Super. 80, 87 (App. Div. 1996). As the Supreme
 Court observed in State v. Crawley:

 [A] defendant has no right to commit
 the crime of resisting arrest,
 eluding, or escape in response to an
 unconstitutional stop or detention.
 For compelling public safety
 reasons, the resisting arrest,
 eluding, and escape statutes and
 interpretive case law require that
 a defendant submit to an illegal
 detention and that he take his
 challenge to court.

 [187 N.J. 440, 455, cert. denied,
 549 U.S. 1078, 127 S. Ct. 740, 166
 L. Ed. 2d 563 (2006)).]

 [Wright, supra, slip op. at 16 (alternations
 in original).]

With only bald assertions regarding the officer's bad faith, it

follows that appellate counsel was not deficient for failing to

raise a losing argument regarding the search on direct appeal.

Worlock, supra, 117 N.J. at 625.

 Addressing the issue now raised in Point V, the PCR judge

listed the specific witnesses defendant alleged counsel should

 9 A-3202-15T3
have called at trial. The judge assumed the truth of defendant's

version of these witnesses' testimony.2

 He noted any testimony from defendant's father about a

conversation he had with a friend on the police force confirming

there was no knife in the car would have been hearsay. The

testimony of two people who were in the diner in February 2010,

saw defendant dragged out of the car and provided statements to

Internal Affairs, would not have been "material . . . in [the]

defense." The judge noted defense counsel had the relevant

Internal Affairs records in her possession. Finally, the judge

rejected the IAC claim regarding counsel's failure to call Plum's

landlady as a witness. She was the sister of a police sergeant

who gave a "pep talk" to Plum while he was being interrogated by

Watts. The judge correctly noted Plum was cross-examined at trial

about the landlady and the "pep talk."

 Without any detailed explanation, defendant baldly asserts

that had counsel called these witnesses at trial, they would have

2
 These witnesses were named in the PCR petition, although there
were no certifications or affidavits from them. See State v.
Porter, 216 N.J. 343, 355 (2013) (stating a defendant must produce
"specific facts and evidence supporting his allegations"); State
v. Cummings, 321 N.J. Super. 154, 170 (App. Div.) ("[W]hen a
petitioner claims his trial attorney inadequately investigated his
case, he must assert the facts that an investigation would have
revealed, supported by affidavits or certifications based upon the
personal knowledge of the affiant or the person making the
certification."), certif. denied, 162 N.J. 199 (1999).

 10 A-3202-15T3
proven his claim that police planted the knife and drugs found in

his car. This argument lacks sufficient merit to warrant further

discussion. R. 2:11-3(e)(2).

 For all these reasons, defendant failed to establish a prima

facie case for PCR relief, and the judge did not mistakenly

exercise his discretion to deny an evidentiary hearing.

 Affirmed.

 11 A-3202-15T3